**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEKEEMA TOCCARA MARTIN, | |
| Plaintiff, | Civil Action No. 19-17400 (MAS) (TJB) |
| v. | **OPINION** |
| CARETHA WILLIAMS, | |
| Defendant. | |

**SHIPP, District Judge**

Plaintiff Tekeema Toccara Martin, a pretrial detainee currently detained at Ancora Psychiatric Hospital, has filed a civil rights complaint asserting claims under 42 U.S.C. § 1983. (Compl., ECF No. 1.) The Court will now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint with prejudice.

**I.    BACKGROUND**

In August 2019, Plaintiff filed a civil rights complaint against Ms. Caretha Williams. (Compl., ECF No 1.) Prior to the Court's screening of her Complaint, Plaintiff filed several various motions and addenda. (Correspondence, ECF Nos. 6, 8, 9, 14; Mots., ECF Nos. 7, 10, 12, 13, 16.) On March 5, 2020, the Court issued an Order construing Plaintiff's submissions as attempts to assert new claims. (Order, Mar. 5, 2020, ECF No. 17.) The Court informed Plaintiff that neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and

supplemental pleadings, permitted Plaintiff to submit numerous addenda to her complaint in a piece meal fashion. (*Id.* at 1.) Accordingly, the Court instructed Plaintiff to submit a single, all-inclusive amended complaint within 30 days and informed her that if she failed to such amended complaint, the Court would treat her initial Complaint as the operative document. (*Id.*) The Court's March 5, 2020 Order was returned as undeliverable as it appears Plaintiff failed to update her address with the Court. (Undeliverable Notice, ECF No. 19.) However, after the Court issued the Order, Plaintiff filed a motion for "Leave to Appeal" the Order, indicating that she did, in fact, receive the Court's March 5, 2020 Order. (Mot., ECF No. 18.) As Plaintiff never subsequently submitted a single, all-inclusive amended complaint, the Court treats Plaintiff's initial Complaint as the operative pleading.

Plaintiff's Complaint names only one Defendant, Caretha Williams. (Compl. 4[1].) The Complaint provides a disjointed set of facts, many of which do not appear to relate to the sole Defendant. (*See generally* Compl. 5–16.) For the sake of clarity, the Court only recites here the allegations relevant to Ms. Williams.

Plaintiff states that since 2009, the State of Georgia has been "sexually assaulting and violently attacking" her. (*Id.* at 5.) She states that officers in Georgia forced themselves on her, issued false criminal charges against her, plotted to kill her, and "robbed" her of her cash, vehicles, home, clothes, and financial freedom. (*Id.* at 5–6.) Plaintiff alleges that Ms. Williams has been "negligent" to these officers' actions and has made false statements to these officers about her. (*Id.* at 6, 16.)

Plaintiff also contends that the State of New Jersey has falsely accused her of the attempted

---

[1] Page numbers refer to those that appear on the ECF header.

murder of Jeffrey Norris. (*Id.* at 15.) She alleges that the state court judge assigned to her case, her defense attorney, and the prosecutor have threatened to "lock" her in a "mental hospital," drug her, and send her to prison for a crime she did not commit. (*Id.* at 7, 11.) She also indicates that she has been mistreated by correctional officers at Monmouth County Correctional Institute on several occasions. (*Id.* at 6–10, 12, 14–15.) Plaintiff states that she called Ms. Williams numerous times to inform her of these events. (*Id.* at 6, 7, 11.) However, Ms. Williams allegedly told Plaintiff that Plaintiff "deserve[s] what [her] enemies do" and no longer answers Plaintiff's phone calls. (*Id.* at 7–8.)

Furthermore, Plaintiff states that Ms. Williams has violated Plaintiff's rights by not allowing Plaintiff to speak with her child. (*Id.* at 8.) Plaintiff submits that Ms. Williams has disconnected her phone and refuses to answer Plaintiff's written correspondence. (*Id.*) Plaintiff alleges Ms. Williams has also violated her rights by not respecting Plaintiff's ability to be a "mom and woman," an "independent entrepreneur," and to have "nice luxury vehicles, money, and always dress well." (*Id.* at 8–9.)

## II.     LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from suit. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of her Fourth Amended Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). To survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A plaintiff must be able to establish that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. ANALYSIS

The Court considers Plaintiff's claims as brought pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of statute, ordinance, regulation, custom, or usage, of any State . . . , subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

To recover under this provision, a plaintiff must demonstrate two elements. First, a plaintiff "must

establish that the defendant acted under color of state law," and second, a plaintiff must show they were deprived of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Importantly, "[t]he color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (citing *Versarge v. Twp. of Clinton*, 984 F.2d 1359, 1363 (3d Cir. 1993)).

In the instant action, Plaintiff has failed to state a claim against Ms. Williams because Plaintiff has not shown that Ms. Williams acted under color of state law. Section 1983's "color of state law" requirement means that the defendant must have "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)). This requirement thereby excludes "'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982)). Here, Ms. Williams is a private citizen and Plaintiff has provided no facts to suggest that Ms. Williams was ever clothed with the authority of state law. *See Cook v. Indovina*, 351 F. App'x 721, 723 (3d Cir. 2009) (per curiam) ("Cook's complaint concerns conduct by private individuals, and therefore does not state a cognizable [§ 1983] claim.") Thus, Ms. Williams cannot be said to have acted under "color of state law" as required by § 1983. *Malleus*, 641 F.3d at 563. As a result, any claims against Ms. Williams are dismissed with prejudice.

### IV.     LEAVE TO AMEND

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). "'Futility' means that the

complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Here, any attempt to amend the Complaint would be futile because Ms. Williams is not amenable to suit under § 1983. Accordingly, the Court will deny Plaintiff leave to file an amended complaint.

### V.    CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) is dismissed with prejudice and Plaintiff's motion (ECF No. 18) is terminated in light of the dismissal of her Complaint. Leave to amend is denied. An appropriate Order follows.

*[signature]*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**